[No. 19966.   Department One.   August 20, 1926.]

JAMES MULREADY, *Appellant*, v. RICHARD SHELTON
et al., *Respondents*.[1]

[1] PARTNERSHIP (14)—EXISTENCE OF RELATION—EVIDENCE—SUFFI-
CIENCY. The evidence is insufficient to establish a partnership re-
lation between the parties, where it appears, merely, that there
was a loose arrangement by which the plaintiff gave to the de-
fendant the use of his team for certain work, and that, as part of
the arrangement, he boarded with the defendant, and worked with
the team for four years, giving some money to defendant from
his earnings, partly to pay feed bills, neither party kept books,
and there was no way to determine the earnings or the amounts
paid.

[2] ACCOUNT (8, 9, 14)—PERSONS ENTITLED AND LIABLE TO ACCOUNT
—EVIDENCE—RIGHT TO. An accounting of a joint venture is
properly denied, where each side had already given all its tes-
timony as to the earnings and amounts, and it would be impos-
sible to show by an accounting that the amounts already paid
were not a fair share of the profits, or to overcome the presump-
tion that the payments made were for the money due.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered December 19,
1925, upon findings in favor of the defendants, in an
action to establish a partnership and for an account-
ing, tried to the court. Affirmed.

*Alex M., Vierhus, Oliver Anderson (Douglas T.
Ballinger*, of counsel), for appellant.

*E. C. Dailey* and *A. E. Dailey*, for respondents.

TOLMAN, C. J.—Appellant, as plaintiff, brought this
action to establish a copartnership and to obtain an
accounting as to the partnership earnings and assets.
The trial court denied him any relief and he has
appealed.

The action is an equitable one and so tried to the
court, and is, of course, triable *de novo*. We have,

[1]Reported in 248 Pac. 416.

therefore, carefully considered the whole record; but the questions involved being questions of fact only, instead of setting out generally the gist of what is claimed by each party to be the facts, we will content ourselves with stating what we find to be the ultimate and controlling facts.

[1] Respondent Richard Shelton was engaged in the automobile-for-hire, and perhaps, in a limited way, the stage business, before the relations with appellant which he relies upon to establish a partnership began. Shelton also owned a team which theretofore he had hired appellant to drive. In the early spring of 1919, a loose arrangement was entered into by which appellant was given the use of Shelton's team for the purpose of doing road work, contracting, draying and any team work which offered; but neither then, nor at any other time, was there a partnership entered into, nor did appellant ever obtain any interest in the automobile and stage business conducted by Shelton.

The arrangement as to the team was so loose and general in its inception that its terms and the rights of the parties thereunder can only be determined from their subsequent actions. Appellant boarded with the Sheltons as a part of the arrangement and paid nothing directly for his room and meals. He worked, more or less regularly, with the team, probably as diligently as conditions would permit, for some four years. As his earnings came in, he gave money to Mrs. Shelton, from time to time, and also to Mr. Shelton, some of which was, no doubt, applied to paying bills for feed for the team, but some of which went into Shelton's stage business and probably materially assisted him in establishing that business. Neither party kept books of account and, except when appellant was paid for road work by county warrants, there is little evidence of the actual amounts which he earned

with the team and no reliable evidence from which we can determine the amounts which he turned over to the Sheltons. We find that there is no sufficient evidence that appellant paid to the Sheltons, of his earnings with the team, anything more than they were justly entitled to as their part of the joint adventure.

[2] At the opening of the trial below, it was stipulated between counsel that the issue as to the partnership should first be tried and, if appellant prevailed upon that, an accounting should be had later. He now argues that a partnership was established, at least so far as his earnings with the team are concerned, and that he should have an accounting as to that. The answer is that there was no partnership at all—nothing more than a joint adventure; and no accounting could help him; for, notwithstanding the stipulation of counsel, they went into the whole matter fully and each side gave all the testimony which it had as to earnings and amounts; so, to order an accounting would be to thresh over the same straw. We are satisfied that, after this lapse of time, without any books of account or memorandum, it would be utterly impossible to show with any accuracy either appellant's earnings or the amount that he paid over to the Sheltons; and the final result could only be the result we have already arrived at, that is, that he has paid to the Sheltons their fair share of the fruits of the joint adventure, and no more. There is a presumption that, when one voluntarily pays money to another, the sum paid belongs to him who receives it, and that presumption is not overcome.

We are satisfied that the judgment of the trial court was right, and it is affirmed.

HOLCOMB, BRIDGES, FULLERTON, and ASKREN, JJ., concur.